## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| BRICKLAYERS AND ALLIED CRAFTSMEN LOCAL 74 FRINGE BENEFIT FUNDS, | ) ) ) | **FILED: MAY 6, 2008** |
| | ) No. | **08CV2603　　　　TG** |
| Plaintiffs, | ) ) | **JUDGE KOCORAS** |
| v. | ) Judge | **MAGISTRATE JUDGE COX** |
| | ) Magistrate Judge | |
| RICK'S BRICKS, INC., A DISSOLVED ILLINOIS CORPORATION; S&R MASONRY, INC., AN ILLINOIS CORPORATION and RICK WILLIAMS, Individually | ) ) ) ) ) | |
| Defendant. | ) | |

### COMPLAINT

Plaintiffs, the Bricklayers and Allied Craftsmen Local 74 Fringe Benefit Funds, by their attorneys, DONALD D. SCHWARTZ and ARNOLD AND KADJAN, complain against Defendant, **RICK'S BRICKS, INC., A DISSOLVED ILLINOIS CORPORATION, S&R MASONRY, INC., AN ILLINOIS CORPORATION and RICK WILLIAMS, individually** as follows:

### COUNT I

1.　　(a)　　Jurisdiction of this cause is based on Section 301 of the National Labor Relations Act, 29 U.S.C. Section 185(a) as amended.

　　　　(b)　　Jurisdiction of this cause is based upon Section 502 of the Employee Retirement Security Act of 1974, 29 U.S.C. Section 1132, 1145 ("ERISA"), as amended.

2.　　Venue is founded pursuant to 29 U.S.C. Section 1132(e)(2) in this District where the Funds, as described in Paragraph 3, are administered.

3.    (a)    The Plaintiffs in this count are the Bricklayers and Allied Craftsmen Local 74 Fringe Benefit Funds ("Funds"), and have standing to sue pursuant to 29 U.S.C. Section 1132(d)(1).

(b)    The Funds have been established pursuant to collective bargaining agreements previously entered into between the Bricklayers and Allied Craftsmen Local 74 (the "Union") and certain employer associations whose employees are covered by the collective bargaining agreement with the Union.

(c)    The Funds are maintained and administered in accordance with and pursuant to the provisions of the National Labor Relations Act, as amended, and other applicable state and federal laws and also pursuant to the terms and provisions of the agreements and Declarations of Trust which establish the Funds.

4.    (a)    Defendant, **RICK'S BRICKS, INC., ("RICK'S")**, a dissolved Illinois corporation and is an employer doing business within this Court's jurisdiction.

(b)    **RICK'S** is an employer engaged in an industry affecting commerce.

5.    Since on or about prior to **May 17, 2000, RICK'S** has entered into successive collective bargaining agreement with the Union pursuant to which they are required to make periodic contributions to the Funds on behalf of certain of its employees.  (Exhibit A)

6.    By virtue of certain provisions contained in the collective bargaining agreements, **RICK'S,** is bound by the Trust Agreement establishing the Funds.

7.     Under the terms of the collective bargaining agreements and Trust Agreements to which it is bound, **RICK'S** is required to make contributions to the Funds on behalf of its employees and, when given reasonable notice by Plaintiffs or their representatives, to submit all necessary books and records to Plaintiffs' accountant for the purpose of determining whether or not it is in compliance with its obligation to contribute to the Funds.

8.     Since on or about prior to **May 17, 2000**, **RICK'S** has admitted, acknowledged and ratified the collective bargaining agreements entered into with the Union by filing periodic report forms with the Funds by making some but not all of the periodic payments to the Funds as required by the collective bargaining agreements.

9.     Plaintiffs are advised and believe that for **January 1, 2006 to the present**, **RICK'S** has failed to make some of the contributions from time to time required to be paid by it to the Funds pursuant to the terms of the collective bargaining agreements and Trust Agreements by which it is bound, all in violation of its contractual obligations and its obligations under applicable state and federal statutes

**WHEREFORE**, Plaintiffs pray for relief as follows:

A.     **RICK'S,** be ordered to submit to an audit for **January 1, 2006 to the present**.

B.     Judgment be entered in the amount due on the audit against **RICK'S**.

C.     Plaintiffs be awarded their costs herein, including reasonable attorneys' fees and costs incurred in the prosecution of this action, together with liquidated damages in the amount of 20%, all as provided in the applicable agreements and ERISA Section 502 (g)(2).

D.     **RICK'S** be enjoined from violating the terms of the collective bargaining agreements and Trust Agreements by failing to make timely payments to the Funds and be ordered to resume making those payments.

E. This Court grant Plaintiffs such other and further relief as it may deem appropriate under the circumstances.

## COUNT II

1-7. Plaintiffs repeat and reallege Paragraphs 1-7 of Count I as Paragraphs 1-7 of Count II.

8.     Since on or about prior to **May 26, 2004, S & R** has admitted, acknowledged and ratified the collective bargaining agreements entered into with the Union by filing periodic report forms with the Funds by making some but not all of the periodic payments to the Funds as required by the collective bargaining agreements. (Exhibit B)

9.     Plaintiffs are advised and believe that for **January 1, 2006 to the present, S & R** has failed to make some of the contributions from time to time required to be paid by it to the Funds pursuant to the terms of the collective bargaining agreements and Trust Agreements by which it is bound, all in violation of its contractual obligations and its obligations under applicable state and federal statutes

**WHEREFORE**, Plaintiffs pray for relief as follows:

A.     **S & R,** be ordered to submit to an audit for **January 1, 2006 to the present**.

B.     Judgment be entered in the amount due on the audit against **S &R**.

C.     Plaintiffs be awarded their costs herein, including reasonable attorneys'

fees and costs incurred in the prosecution of this action, together with liquidated damages in the amount of 20%, all as provided in the applicable agreements and ERISA Section 502 (g)(2).

D.    **S &R** be enjoined from violating the terms of the collective bargaining agreements and Trust Agreements by failing to make timely payments to the Funds and be ordered to resume making those payments.

E.    This Court grant Plaintiffs such other and further relief as it may deem appropriate under the circumstances.

## COUNT III

1-8. Plaintiffs repeat and reallege Paragraphs 1-7 of Count I as Paragraphs 1-7 of Count II.

9.    Defendant, **RICK WILLIAMS ("WILLIAMS")** is, on information and belief owner and operator of Defendant, **RICK'S BRICKS, INC. and S&R MASONRY, INC.** and a person who resides within this court's jurisdiction.

10.    **WILLIAMS** co-signed and guaranteed the Installment Note entered into by **RICK'S BRICKS, INC. and S&R MASONRY, INC.** (Exhibit C)

11.    The Note is in default since April 1, 2008.  There is an unpaid balance of **$93,000.00** on the Note payable to plaintiffs.

12.    Default on the Note accelerates the entire balance due.

13.    **WILLIAMS** has failed to make payment despite repeated demand for payment.

**WHEREFORE**, Plaintiffs pray for judgment against Defendant, **WILLIAMS** in the amount of **$93,000.00.**

Respectfully submitted,

**BRICKLAYERS AND ALLIED
CRAFTSMEN LOCAL 74 FRINGE
BENEFIT FUNDS**


By:  Donald D. Schwartz
          One of their Attorneys

Donald D. Schwartz
**ARNOLD AND KADJAN**
19 West Jackson Blvd.
Chicago, Illinois  60604
(312) 236-0415

5-17-00
Date

Mr. Pete Marinopoulos
President- Chairman
Bricklayers District Council #1
133 S. Ashland Blvd.
Chicago, IL 60607

Dear Mr. Marinopoulos:

This letter shall serve as notification to you that ___Rick's Bricks Inc.___
(Company)
has delegated its bargaining rights with the Bricklayers District Council #1 which includes Locals 14, 27, 20, 21, 56, and 74 to the Residential Mason Contractors Association Of Northern Illinois. I understand that I will be bound by any future negotiations until I notify you in writing that I have withdrawn my bargaining rights from the Residential Mason Contractors Association. Please contact the aforementioned Association with respect to negotiations for any future agreements.

Very truly yours,

by: ___Rick William___   as ___President___
Signature                        (Title)
___Ricks Bricks Inc.___
Name
___204 Deerpath dr.___
Street
___Oswego Il 60543___
City, State and ZIP
___630-554-3952___
Phone
___36-410-6455___
FEIN
___1315 Calvin ct. Naperville Il___
Current Job Location

cc   Residential Mason Contractors Association of Northern Illinois

EXHIBIT A

## IT IS HEREBY STIPULATED AND AGREED BY AND BETWEEN

NAME OF CONTRACTOR: _S & B Masonry, Inc_

ADDRESS: _10122 Mandell_

_Plainfield, Il        60544_

TELEPHONE: (630) _922-9757_  FAX: (630) _922-9759_

PLEASE INDICATE THE FOLLOWING:

_____ CORPORATION
_____ PARTNERSHIP
_____ SOLE OWNER
_____ OTHER, SPECIFY

FEIN #: _36-4534488_

AND ITS SUCCESSORS OR ASSIGNS (THE "EMPLOYER"), AND **ILLINOIS DISTRICT COUNCIL NO. 1 OF THE INTERNATIONAL UNION OF BRICKLAYERS AND ALLIED CRAFTWORKERS, AFL-CIO**, CONSISTING OF LOCAL UNIONS 20, 21, 27, 56, AND 74, AND ANY SUCCESSOR THERETO (THE "DISTRICT COUNCIL"), AS FOLLOWS:

1. THE EMPLOYER RECOGNIZES THE DISTRICT COUNCIL AS THE SOLE AND EXCLUSIVE COLLECTIVE BARGAINING AGENT FOR ALL EMPLOYEES PERFORMING WORK OF THE SORT AND IN THE LOCATIONS DESCRIBED IN THE ASSOCIATION AGREEMENTS AS DEFINED IN ¶ 2 OF THIS MEMORANDUM OF UNDERSTANDING (THE "EMPLOYEES") FOR THE PURPOSE OF ESTABLISHING RATES OF PAY, FRINGE BENEFIT CONTRIBUTIONS, HOURS OF EMPLOYMENT, AND OTHER TERMS AND CONDITIONS OF EMPLOYMENT. THE EMPLOYER ACKNOWLEDGES AND AGREES IN RESPONSE TO THE DISTRICT COUNCIL'S CLAIM THAT THERE IS NO GOOD FAITH DOUBT THAT THE DISTRICT COUNCIL HAS BEEN AUTHORIZED TO AND IN FACT DOES REPRESENT A MAJORITY OF THE EMPLOYEES, AND THEREFORE THE EMPLOYER RECOGNIZES THE DISTRICT COUNCIL AS THE SOLE AND EXCLUSIVE COLLECTIVE BARGAINING AGENT FOR THE EMPLOYEES UNDER SECTION 9(A) OF THE NATIONAL LABOR RELATIONS ACT.

2. THE EMPLOYER AGREES TO BE BOUND BY THE TERMS AND CONDITIONS OF EMPLOYMENT COVERING THE TYPE OF WORK AND THE LOCATIONS WHERE THE WORK IS PERFORMED AS SET FORTH IN THE AGREEMENT OR AGREEMENTS ENTERED INTO FROM TIME TO TIME, INCLUDING AMENDMENTS THERETO, BETWEEN THE DISTRICT COUNCIL AND ONE OR MORE OF THE FOLLOWING EMPLOYER ASSOCIATIONS OR THEIR SUCCESSORS ("ASSOCIATION AGREEMENT" OR "ASSOCIATION AGREEMENTS"): MASON CONTRACTORS ASSOCIATION OF GREATER CHICAGO, BUILDERS ASSOCIATION OF GREATER CHICAGO, FOX VALLEY MASON CONTRACTORS ASSOCIATION, LAKE COUNTY CONTRACTORS ASSOCIATION, SOUTH DUPAGE COUNTY MASON CONTRACTORS ASSOCIATION, AND FOX VALLEY GENERAL CONTRACTORS ASSOCIATION, EXCEPT TO THE EXTENT THOSE TERMS AND CONDITIONS ARE MODIFIED BY THIS MEMORANDUM OF UNDERSTANDING. UPON REQUEST, THE DISTRICT COUNCIL WILL PROVIDE THE EMPLOYER WITH A COPY OF THE THEN CURRENT ASSOCIATION AGREEMENT.

3. IF, AS OF THE DAY FOLLOWING EXPIRATION OF THE THEN EXISTING ASSOCIATION AGREEMENTS ("COMMENCEMENT DATE"), THERE ARE LOCATIONS AND WORK FOR WHICH AN ASSOCIATION AGREEMENT IS NOT IN EFFECT, THE TERMS AND CONDITIONS, OTHER THAN THOSE RELATING TO DURATION AND TERMINATION, OF THE ASSOCIATION AGREEMENT OR AGREEMENTS EXPIRING IMMEDIATELY PRIOR TO THE COMMENCEMENT DATE SHALL ESTABLISH THE TERMS AND CONDITIONS OF EMPLOYMENT FOR THE EMPLOYEES FOR A PERIOD OF SIXTY DAYS BEGINNING WITH THE COMMENCEMENT DATE, OR UNTIL A NEW ASSOCIATION AGREEMENT IS EFFECTIVE, WHICHEVER OCCURS FIRST, FOLLOWING WHICH THE TERMS AND CONDITIONS SET FORTH IN THE NEW ASSOCIATION AGREEMENT, IF ANY, SHALL BE IN FULL FORCE AND EFFECT. WITHIN 30 DAYS OF THE EXECUTION OF A NEW ASSOCIATION AGREEMENT OR AGREEMENTS COVERING LOCATIONS AND WORK WHICH WERE NOT COVERED BY AN ASSOCIATION AGREEMENT AS OF THE COMMENCEMENT DATE, THE EMPLOYER SHALL MAKE RETROACTIVE PAYMENTS TO AND ON BEHALF OF ALL EMPLOYEES FOR ALL INCREASED WAGES AND BENEFITS AS PROVIDED IN THE NEW ASSOCIATION AGREEMENT OR AGREEMENTS FOR WORK PERFORMED BETWEEN THE COMMENCEMENT DATE AND THE TIME THAT SUCH NEW ASSOCIATION AGREEMENT OR AGREEMENTS ARE EFFECTIVE. THE DISTRICT COUNCIL, AT ITS SOLE DISCRETION, AND AT ANY TIME, MAY TERMINATE THIS PARAGRAPH OF THIS MEMORANDUM OF UNDERSTANDING BY GIVING THE EMPLOYER WRITTEN NOTICE OF SUCH TERMINATION, AND THE EMPLOYER WAIVES ANY CLAIMS IT MIGHT AT ANY TIME HAVE AGAINST THE DISTRICT COUNCIL FOR SO TERMINATING THIS PARAGRAPH REGARDLESS OF WHETHER THE DISTRICT COUNCIL TAKES SUCH ACTION WITH RESPECT TO THE EMPLOYER ALONE OR WITH RESPECT TO ANY OR ALL OTHER EMPLOYERS.

4. THIS MEMORANDUM OF UNDERSTANDING SHALL REMAIN IN EFFECT AND SHALL BE GOVERNED BY ASSOCIATION AGREEMENTS ENTERED INTO IN THE FUTURE AND COVERING FUTURE TIME PERIODS UNLESS AND UNTIL IT HAS BEEN TERMINATED BY EITHER PARTY GIVING WRITTEN NOTICE OF TERMINATION TO THE OTHER NOT LESS THAN 60 AND NOT MORE THAN 90 DAYS PRIOR TO THE TERMINATION DATE OF THE THEN APPLICABLE ASSOCIATION AGREEMENT, IN WHICH EVENT THIS MEMORANDUM OF UNDERSTANDING SHALL TERMINATE ON THE LAST DAY OF THE THEN APPLICABLE ASSOCIATION AGREEMENT. IN THE EVENT NO SUCH TIMELY NOTICE IS GIVEN, THIS MEMORANDUM OF UNDERSTANDING SHALL REMAIN IN EFFECT UNTIL TERMINATED IN ACCORDANCE WITH ITS TERMS.

_EXHIBIT B_

5. THE EMPLOYER AGREES TO PAY THE AMOUNTS OF THE CONTRIBUTIONS WHICH IT IS BOUND TO PAY TO THE SEVERAL FRINGE BENEFIT FUNDS DESCRIBED IN THE ASSOCIATION AGREEMENTS AND AGREES TO AND IS HEREBY BOUND BY AND CONSIDERED TO BE A PARTY TO THE AGREEMENTS AND DECLARATIONS OF TRUST CREATING EACH OF THOSE TRUST FUNDS, TOGETHER WITH ANY RESTATEMENTS OR AMENDMENTS THERETO WHICH HAVE BEEN OR MAY BE ADOPTED, AS IF IT HAD BEEN A PARTY TO AND SIGNED THE ORIGINAL COPIES OF THE TRUST INSTRUMENTS.  THE EMPLOYER RATIFIES AND CONFIRMS THE APPOINTMENT OF EACH OF THE EMPLOYER TRUSTEES, WHO SHALL, TOGETHER WITH THEIR SUCCESSOR TRUSTEES DESIGNATED IN THE MANNER PROVIDED IN THOSE AGREEMENTS AND DECLARATIONS OF TRUST, AND, WHERE APPLICABLE, JOINTLY WITH AN EQUAL NUMBER OF TRUSTEES REPRESENTING EMPLOYEES, CARRY OUT THE TERMS AND CONDITIONS OF THE TRUST INSTRUMENTS.

6. WITH RESPECT TO THE AMOUNT OF CONTRIBUTIONS PAYABLE UNDER ASSOCIATION AGREEMENTS TO THE INTERNATIONAL MASONRY INSTITUTE, ILLINOIS MASONRY INSTITUTE PROMOTION TRUST, MASONRY INDUSTRY ADVANCEMENT FUND, ANY OF THEIR SUCCESSORS, OR ANY INDUSTRY AND/OR PROMOTION FUND WHICH MAY AT ANY TIME BE IDENTIFIED IN ANY ASSOCIATION AGREEMENT ("INDUSTRY OR PROMOTION FUNDS"), THE DISTRICT COUNCIL, AT ITS SOLE DISCRETION, SHALL HAVE THE RIGHT AT ANY TIME, AND FROM TIME TO TIME, TO ALLOCATE AND REALLOCATE ALL OR ANY PART OF THE AMOUNT OF SUCH CONTRIBUTIONS TO OR AMONG WAGES, CONTRIBUTIONS TO ONE OR MORE SUCH INDUSTRY OR PROMOTION FUNDS, OR ANY COMBINATION THEREOF.  ANY SUCH ALLOCATION OR REALLOCATION SHALL BE EFFECTIVE 30 DAYS AFTER THE DISTRICT COUNCIL MAILS WRITTEN NOTICE THEREOF TO THE EMPLOYER.  THE PARTIES AGREE THAT, INASMUCH AS THE TOTAL AMOUNT OF WAGES AND FRINGE BENEFIT CONTRIBUTIONS WHICH THE EMPLOYER IS OBLIGATED TO PAY SHALL REMAIN UNCHANGED, ANY SUCH ALLOCATION OR REALLOCATION BETWEEN INDUSTRY OR PROMOTION FUND CONTRIBUTIONS AND WAGES, OR BETWEEN OR AMONG INDUSTRY OR PROMOTION FUNDS, SHALL NOT BE DEEMED TO RESULT IN A MORE FAVORABLE WAGE OR ECONOMIC FRINGE BENEFIT RATE FOR PURPOSES OF "MOST FAVORED NATION" PROVISIONS OF THIS MEMORANDUM OF UNDERSTANDING OR ASSOCIATION AGREEMENTS.

7. ANY MEMORANDUM OF UNDERSTANDING OR OTHER AGREEMENT PREVIOUSLY EXECUTED BY THE PARTIES IS SUPERSEDED BY THIS MEMORANDUM OF UNDERSTANDING.

DATED THIS  26th  DAY OF  May  ,  2004  .

COMPANY NAME:  S & R Masonry, Inc.
(PRINT)

CONTRACT SIGNED BY:  Sacch S. Williams

PLEASE PRINT NAME:  Sacch S. Williams

TITLE:  President
(PRINT)

**ILLINOIS DISTRICT COUNCIL NO. 1 OF THE INTERNATIONAL UNION OF BRICKLAYERS AND ALLIED CRAFTWORKERS, AFL-CIO**

BY: _____

PRESIDENT OF ILLINOIS DISTRICT COUNCIL NO. 1

NOTE:  NOT VALID UNLESS SIGNED BY THE DISTRICT COUNCIL PRESIDENT

RECEIVED BY:  Henry Kramer
UNION REPRESENTATIVE

JOB LOCATION:  415 E Plaza Drive
Westmont, IL 60559

7/03

10/02/2006  15:54  7735292853
Case 1:08-cv-02603    Document 1    Filed 05/06/2008    Page 10 of 10    PAGE    04

**INSTALLMENT NOTE**

$154,000.00                                                    September 29, 2006

For Value Received, the undersigned promises to pay to the order of _____

**BRICKLAYERS LOCAL #74 FRINGE BENEFIT FUNDS** _____ the principal sum of
**ONE HUNDRED THIRTY SIX THOUSAND THREE HUNDRED THIRTY THREE and 37/100**
**($136,333.37)    Dollars**

Payable in installments as follows:

**TEN THOUSAND and 00/100 ($10,000.00)** _____ Dollars
on the    **1ST**    day of    **OCTOBER**            2006
**THREE THOUSAND and 00/100 ($3,000.00)** _____ Dollars
on the    **1ST**    day of    **NOVEMBER**          2006
**THREE THOUSAND and 00/100 ($3,000.00)** _____ Dollars
for **46** month(s) succeeding, and a final payment of
**THREE THOUSAND and 00/100 ($3,000.00)** _____ Dollars
on the **1ST** day of **OCTOBER 2010** with interest on the balance of principal remaining from time to time
unpaid at the rate of ___ **5%** ___ per cent per annum, payable on the due dates for installments of principal as
aforesaid.

All payments on account of the indebtedness represented by this Note shall be applied first to accrued
and unpaid interest and the remainder to principal. Any installments of principal not paid when due shall bear
interest after maturity at the rate of ___ **18%** ___ percent per annum. Payments of both principal and interest shall
be made at **ARNOLD AND KADJAN, 19 WEST JACKSON BOULEVARD, CHICAGO, IL 60604-3958**
or such other place as the legal holder hereof may from time to time in writing appoint.

The payment of this Note is secured by a Security Agreement in the nature of a chattel mortgage,
bearing even date herewith, from the undersigned to _____
on personal property _____

in the County of _____, Illinois. The undersigned's residence (chief place of business) is at
_____, Illinois.

At the election of the payee or legal holder hereof and without notice, the principal sum remaining
unpaid hereon, together with accrued interest thereon, shall become at once due and payable at the place of
payment aforesaid in case of default in the payment, when due, of any installment of principal or interest, or
any portion thereof, in accordance with the terms hereof or in case of default as defined in said Security
Agreement. In the event of default, the payee or legal holder hereof shall be entitled to reasonable costs of
collection, including reasonable attorney's fees.

The undersigned hereby authorizes, irrevocably, any attorney of any court of record to appear for the
undersigned in such court, in term time or vacation, at any time after default in the payment of any installment
of the principal hereof, and confess judgment without process in favor of the payee or holder of this Note for
such amount as may appear to be unpaid thereon, together with reasonable costs of collection including
reasonable attorney's fees, and to waive and release all errors which may intervene in any such proceedings,
and consent to immediate execution upon such judgment, hereby ratifying and confirming all that said attorney
may do by virtue hereof.

If this Note is signed by more than one person or entity, the obligations and authorizations hereunder
shall be joint and several.

All parties hereto severally waive presentment for payment, notice of dishonor and protest.

**RESOLUTION OF AUDITS FOR RICKS BRICKS AND S & R MASONRY THROUGH MARCH 2006**
**AND REPORTS FOR APRIL 2006 THROUGH AUGUST 2006**

_Rick Williams_                              _Sarah A. Williams_
**RICK E. WILLIAMS, INDIVIDUALLY**           **S & R MASONRY, INC.**
                                             **10122 MANDELL**
                                             **PLAINFIELD, ILLINOIS 60544**

                                             _Rick Williams_
                                             **RICKS BRICKS, INC.**
                                             **204 DEERPATH DRIVE**
                                             **OSWEGO, ILLINOIS 60543**

The maker of this Note acknowledges the above indebtedness represents fringe benefit contributions and other
costs and charges due and owing pursuant to applicable provisions of the Employee Retirement Income and
Security Act, 29 U.S.C. 1145.

CAUTION:   Consult a lawyer before using or acting under this form. All warranties, including
                merchantability and fitness, are excluded.
                            9080-190

_Exhibit C_

Oct 26 06 10:16a    Rick Williams    11/01/2006  10:56    7735292853
PAGE 02    ALLOCCO & MILLER    217-498-6927    p.2